COURT OF APPEALS
FRANKLIN COUNTY, OHIO
TENTH APPELLATE DISTRICT


| IN THE MATTER OF THE GUARDIANSHIP OF FRANZ SCHWARZBACH | : | VISITING JUDGES: Hon. John W. Wise, P. J. |
| | : | Hon. William B. Hoffman J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | Case No. 17-AP-247 |
| | : | |
| | : | **O P I N I O N** |


CHARACTER OF PROCEEDING:     Appeal from the Franklin County Court of Common Pleas, Probate Division, Case No. 574161

JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:


APPEARANCES:

For Appellant Brunner Quinn

RICK L. BRUNNER
PATRICK M. QUINN
BRUNNER QUINN
35 North Fourth Street, Suite 200
Columbus, Ohio 43215

For Appellee Franz Schwarzbach, Ward

JAMES W. JORDAN
80 Dorchester Square
Westerville, Ohio 43081

*Wise, John, P. J.*

{¶1}   Appellant Brunner Quinn law firm appeals the March 30, 2017, decision entered in the Franklin County Court of Common Pleas, Probate Division, reducing the amount of attorney fees requested.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The relevant facts and procedural history are as follows:

{¶3}   On August 19, 2015, Maria Starr and Lois Starr-Shramm each filed an application to be appointed guardian of the person and estate for Franz Schwarzbach, 74 years of age. Ms. Starr is the daughter of Mr. Schwarzbach and Ms. Starr-Shramm is her mother-in-law. The applications were expedited due to a reported heightened risk of financial exploitation.

{¶4}   Mr. Schwarzbach contested the appointment. Initially he was represented by Attorneys Joseph Landusky and Keith Yeazel.

{¶5}   On October 20, 2015, a hearing on the applications commenced before a magistrate but did not conclude at that time. Instead, the proceedings were delayed while the parties discussed a potential resolution. *See* Magistrate's Decision, filed May 27, 2016, at 1.  During this time, the parties entered into an Agreed Entry governing Mr. Schwarzbach's financial affairs. Agreed Entry, filed September 3, 2015. The magistrate later explained that the purpose of this Agreed Entry was to maintain a financial status quo, and that "no one was to expend or otherwise authorize the divestment of assets," save for the funds maintained in one specific bank account held at PNC Bank. *See* Magistrate's Order, filed April 13, 2016.

{¶6} On February 18, 2016, Attorney Rick Brunner and the law firm of Brunner Quinn ("Appellant") were substituted as counsel for Attorneys Landusky and Yeazel on behalf of Mr. Schwarzbach.

{¶7} On May 5, 2016, the hearing resumed and concluded on May 13, 2016. During the course of the hearing, Ms. Starr withdrew her request to be appointed guardian, and instead advocated for the appointment of an independent guardian. Ms. Starr-Schramm did not testify or participate in the proceedings outside of filing her initial application.

{¶8} On May 27, 2016, the Magistrate issued a report recommending that Mr. Schwarzbach be found incompetent and that a guardian be appointed over him. In the decision, the Magistrate found that immediate relief was necessary and recommended that Atty. Thomas Taneff be appointed as Mr. Schwarzbach's guardian. A judgment entry adopting the Magistrate's Decision and entering judgment immediately was signed that same day. *See* Judgment Entry, filed May 27, 2016.

{¶9} On June 16, 2016, Appellant, on behalf of Mr. Schwarzbach, filed Objections of Respondent Franz Schwarzbach to Magistrate's Decision, challenging, among other things, the decision to find him incompetent, the decision to appoint a guardian, the factual bases relied upon by the magistrate in rendering her decision, and erroneous evidentiary rulings made during the course of the hearing.

{¶10} On August 31, 2016, Probate Judge Montgomery ordered the entire case transferred to the docket of a retired Judge Spicer, who has presided over this matter ever since.

{¶11} By Judgment Entry filed September 20, 2016, the Probate Court overruled all of Mr. Schwarzbach's objections, adopted the Magistrate's Decision in full, and appointed Atty. Taneff as guardian of Appellant's person and estate. Mr. Schwarzbach's appeal of that decision remains pending. *See In re Schwarzbach,* 10th Dist. No. 16AP-670.

{¶12} Following the appointment of the guardian, Appellant moved the trial court for payment of attorney fees incurred in their representation of Mr. Schwarzbach. Appellant first applied for payment of attorney's fees on October 27, 2016, and filed an amended application on December 16, 2016, which included a detailed itemization as to time spent. The Application sought compensation for the more than 400 hours of services performed of roughly $167,086.01.

{¶13} On December 29, 2016, the court issued an order scheduling Appellant's application, along with applications for fees filed by the Guardian and his counsel, by the Applicant's counsel, and by Mr. Schwarzbach's prior counsel, Attorneys Landusky and Yeazel, for evidentiary hearing.

{¶14} On January 20, 2107, the court filed an Entry Modifying Hearing on Attorney Fees, stating that it had "sufficient information" to adjudicate all of the pending fee applications except for that of Mr. Schwarzbach's prior counsel without a hearing.

{¶15} On February 17, 2017, Appellant supplemented his application for attorney fees with an Affidavit wherein he detailed that he has practiced law for 36 years, the bulk of which entailed litigation in Ohio and throughout the country. Mr. Brunner also stated that Attorney Patrick Quinn has practiced law for nearly ten years, also in litigation throughout Ohio and the country. Mr. Brunner further stated that he has

had a longstanding professional relationship with Mr. Schwarzbach or his business interests dating back nearly 20 years, and as such, Appellant "represented Mr. Schwarzbach in a manner consistent with how Mr. Schwarzbach expressed he be represented, consistent with how I have represented his business interests over the year, and consistent with the best interests of a ward who vehemently and vigorously contested that he is incompetent."

{¶16} On March 22, 2017, Appellant again supplemented his Application with the expert opinion of Attorney James Arnold. In his affidavit, Mr. Arnold stated that he had practiced law for 30 years, that he had substantial experience in the practice of hourly rate billing, and that he was "familiar with the normal hourly rates charged by lawyers in Franklin County for ... probate litigation ... and all other types of civil litigation." Based on his experience and review of Appellant's itemized billing statements and the filings from the court below, Mr. Arnold concluded that the fees and costs sought in Appellant's Application were reasonable in respect to both the hourly rates and the amount of time spent.

{¶17} On March 30, 2017, the trial court filed its Judgment Entry Concerning Attorney Fees and Costs for the Brunner Quinn law firm. In its decision, the trial court found that the fees sought by Appellant were not reasonable. The court concluded that instead of the more than 400 hours spent by Appellant's attorneys and personnel in representing Mr. Schwarzbach in this proceeding, the reasonable expenditure of time was 200 hours. Adhering to its previously arrived-at conclusion that a reasonable hourly rate was no more than $250 per hour, the trial court awarded Appellant attorney fees of $50,000, along with out-of-pocket expenses of $4,468.49.

**{¶18}** Appellant now appeals to this Court, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶19}** "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN RULING ON THE APPLICATION FOR ATTORNEY'S FEES FILED BY COUNSEL FOR THE WARD WITHOUT A HEARING.

**{¶20}** "II. THE TRIAL COURT'S DECISION ON THE APPLICATION FOR ATTORNEY'S FEES IS NOT SUPPORTED BY EITHER EVIDENCE IN THE RECORD OR SOUND REASONING."

### I.

**{¶21}** In its first assignment of error, Appellant argues that the trial court erred in not holding a hearing on the application for attorney's fees. We disagree.

**{¶22}** Sup.R. 71(C) states that "[a]ttorney fees may be allowed if there is a written application that sets forth the amount requested and will be awarded only after proper hearing, unless otherwise modified by local rule."

**{¶23}** Franklin County Loc.R. 78.7(A), however, states, in relevant part that "[on] the twenty-eighth (28th) day after the motion is filed, the motion will be deemed submitted to the court unless a prior written request for an oral hearing has been filed and approved by the court."

**{¶24}** Upon review, we find that Local Rule 78.7(A) applies to applications as well as motions as both are requests for action upon the court. We further find that as long as the trial court had before it sufficient evidence upon which to make its decision, no hearing was required. We shall address this in more detail in Appellant's second

assignment of error.

{¶25} Based on the foregoing rules, we find no hearing on the matter of attorney fees was required before the trial court determined the amount of such an award.

{¶26} Appellant's first assignment of error is overruled.

II.

{¶27} In its second assignment of error, Appellant argues the trial court's decision on its application for attorney's fees was not supported by the evidence or sound reasoning. We disagree.

{¶28} Sup.R. 71 provide that compensation in guardianships "shall be set by local rule." Sup.R. 73 provides that attorney fees generated during the establishment of the guardianship are reviewed upon the filing of the guardianship inventory.

{¶29} Franklin County Loc.R. 71.5, provides:

> All applications for attorney fees in guardianships shall be accompanied by a detailed fee statement including the itemization and date of service performed, time expended, identification of the individual performing the services, and the hourly rate."

{¶30} Generally, "[b]efore awarding attorney fees, a trial court must determine the reasonableness of the time spent on the matter and the reasonableness of the hourly rate." *Bagnola v. Bagnola,* 5th Dist. Stark No. 2004CA00151, 2004-Ohio-7286, 2004 WL 3090245.

{¶31} A trial court's decision regarding attorney fees and guardian fees in a guardianship is reviewed for an abuse of discretion. *In re Guardianship of Escola*, 41 Ohio App.3d 42, 47 (5th Dist.1987); *In re Guardianship of Thacker*, 11th Dist. Portage

No. 2008–P–0023, 2008–Ohio–5951, ¶ 17. "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound." *Jack's Heating* at ¶15 citing *State v. Boles,* 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345, ¶¶17–18, citing *Black's Law Dictionary* 11 (8th Ed.2004); *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015–Ohio–3454, ¶21.

{¶32} In *In re Guardianship of Allen*, 50 Ohio St.3d 142 (1990), the Ohio Supreme Court held that,

> In an action to terminate a guardianship, the probate court should apply a three-part test to determine if payment of attorney fees from the guardianship estate is merited: whether the attorney acted in good faith, whether the services performed were in the nature of necessities, and whether the attorney's actions benefited the guardianship.

{¶33} R.C. §2113.36 gives exclusive original jurisdiction to the probate court to determine the reasonableness of attorney fees." The attorney seeking fees bears the burden of proving the reasonableness of the fees. *In re Estate of Born*, 10th Dist. No. 06AP-1119, 2007-Ohio-5006, 2007 WL 2773373, ¶18. In determining the reasonableness of attorney fees, the probate court must consider the facts and circumstances of each case. *Id.* at ¶19. The probate court may also consider the factors set forth in Prof.Con.R. 1.5, which sets forth general principles applicable to determining the reasonableness of attorney fees. *Id.*

{¶34} Prof.Con.R. 1.5, includes the following factors for consideration in determining the reasonableness of a fee:

> (1) The time and labor required, the novelty and difficulty of the

questions involved, and the skill requisite to perform the legal service properly.

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3) The fee customarily charged in the locality for similar legal services.

(4) The amount involved and the results obtained.

(5) The time limitations imposed by the client or by the circumstances.

(6) The nature and length of the professional relationship with the client.

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

(8) Whether the fee is fixed or contingent.

{¶35} With respect to the need for expert testimony as to the reasonableness and necessity of attorney fees, this Court has previously held that although the better practice may be to introduce expert testimony regarding the reasonableness of fees, a probate court judge is qualified to make a determination of the reasonable attorney fees to be paid from an estate without the necessity of expert testimony, based on evidence of the fees incurred. *Born* at ¶ 21; *Haller* at 870, 689 N.E.2d 612. The Supreme Court has held that when a court has statutory authority to award attorney fees, the amount of such fees is within the discretion of the court. *Bittner v. Tri–County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991).

{¶36} In the case *sub judice*, the probate court, in considering Appellant's application for attorney fees, applied the *Allen* test as set forth above, stating:

> Upon careful review, Brunner Quinn's request for fees for services rendered to establish the guardianship for Mr. Schwarzbach is unreasonable and excessive. The court reviewed Brunner Quinn's services under the three-part test outlined in *Wolfe, supra,* and cited in *Allen, supra.* While there is no evidence that Brunner Quinn acted in bad faith, many of the services Brunner Quinn performed for Mr. Schwarzbach are well outside the nature of necessities, and many of Brunner Quinn's activities were not directly beneficial to Mr. Schwarzbach. (3/30/17 JE at 11).

{¶37} The trial court went on to support its findings as follows:

> Brunner Quinn spent many hours and seek thousands of dollars in attorney fees for the filing of an appeal of a non-final procedural order denying early payment of guardianship-related attorney fees; an issue not directly beneficial to Mr. Schwarzbach. The legal time and fees incurred related to the numerous pleadings seeking early payment of attorney fees constitute a "fee for fees" situation which are not payable from the guardianship estate under *In re Estate of Hathaway,* 2014-Ohio-1065. Other examples of Brunner Quinn seeking "fees for fees" include: (1) the fees associated with the Motion for Stay of the guardianship proceedings focused on the denial of requests for early payment of guardianship related legal fees; (2) the fees associated with the Motion to Set Aside

requesting an expedited oral hearing-not on the issue of Mr. Schwarzbach's competency-but on multiple issues including the denial of early payment of guardianship related attorney fees and the denial of a request for Mr. Schwarzbach to buy a Porsche; and (3) the September 7, 2016 Motion to Reconsider focuses on early payment of attorney fees and decisions purported to restrict Mr. Schwarzbach's use of translation services outside of court to translate documents. The Motion to Reconsider was redundant, not in the nature of a necessities, and not directly beneficial to Mr. Schwarzbach. The pleadings related to issues involving Brunner Quinn's attorney fees were not in the nature of activities necessary in a contested guardianship and they did not directly benefit Mr. Schwarzbach. (3/30/17 JE at 11-12).

{¶38} The trial court continued to list other examples of legal services it found were not reasonable and necessary as they "did not focus on the ultimate issue of competence." (3/30/17 JE at 15). Instead, the trial court found:

> ... a majority of time and fees contained in the Application tor Fees are not necessary or reasonable. Many of Brunner Quinn's services did not directly benefit Mr. Schwarzbach but largely related to Brunner Qinn's [sic] quest for early payment of attorney fees. (3/30/17 JE at 22).

{¶39} We find that the trial court also considered the guidelines set forth in Prof.Con.R. 1.5:

> In awarding reasonable attorney fees to Brunner Quinn for necessary work that directly benefited Mr. Schwarzbach, the court will first

calculate the number of hours reasonably expended to defend against the establishment of a guardianship for Mr. Schwarzbach, and multiply the hours by the fair hourly rate of $250.00 per hour, excluding hours unreasonably expended. The court will then modify the initial calculation by application of the favorable factor found under Prof.Cond.R. 1.5(a)(6). (3/30/17 JE at 22-23).

**{¶40}** The trial court's Judgment is very detailed and took into consideration all of the necessary factors and findings in support of its decision.

**{¶41}** While Appellant argues that the trial court's consideration of the Ohio State Bar Association Fee Reference was improper, we find no support for such argument. In fact, Appellant attached the OSBA Fee Reference as an exhibit to the Affidavit of Rick L. Brunner in support of his application for attorney fees.

**{¶42}** Based on the foregoing, we do not find the trial court's determination as to attorney fees in this matter to be an abuse of discretion.

{¶43} Appellant's second assignment of error is overruled.

{¶44} Accordingly, the judgment of the Court of Common Pleas of Franklin County, Ohio, is affirmed.

By: Wise, John, P.J.

Hoffman, J., and

Wise, Earle, J., concur.

_____
HON. JOHN W. WISE

_____
HON. WILLIAM B. HOFFMAN

_____
HON. EARLE E. WISE, JR.

JWW/d 0413