[Cite as *In re Estate of Schwenker*, 2019-Ohio-2581.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of: | : | |
| The Estate of Charles V. Schwenker: | | |
| | : | No. 18AP-320 |
| | | (Prob. No. 573773) |
| | : | |
| [William V. Schwenker, Co-Fiduciary | | (REGULAR CALENDAR) |
| of the Estate of Charles V. Schwenker, | : | |
| | | |
| Appellant]. | : | |

## D E C I S I O N

### Rendered on June 27, 2019

**On brief:** *Fisher, Skrobot & Sheraw, LLC, Matthew J. Kunsman,* and *David A. Skrobot,* for appellant.

**On brief:** *Bailey Cavalieri, LLC, Dan L. Cvetanovich,* and *Robert R. Dunn,* for appellee. **Argued:** *Robert R. Dunn.*

APPEAL from the Franklin County Court of Common Pleas,
Probate Division

DORRIAN, J.

{¶ 1} Appellant, William V. Schwenker, co-fiduciary of the Estate of Charles V. Schwenker ("decedent"), appeals from an entry of the Franklin County Court of Common Pleas, Probate Division, approving in part the application for attorney fees submitted by appellee Bailey Cavalieri, LLC, attorneys for the estate.

{¶ 2} Decedent died intestate in Franklin County on February 17, 2015. His two adult children, William V. Schwenker and Diana S. Anderson, shared the estate equally. After a brief period in which the probate court appointed a creditors' agent as administrator, several versions of the will were located and filed, and the court appointed decedent's children, William and Diana, as co-executors on October 15, 2015. Discovery and submission of a later will and codicils followed, but there was ultimately no controversy over which effective documents would govern distribution.

{¶ 3} The co-executors retained Attorney Robert R. Dunn of the law firm Bailey Cavalieri, LLC, to administer the estate, pursuant to an hourly fee agreement payable upon closing the estate. Eventually, each co-executor retained personal counsel as well. On June 1, 2017, the co-executors and Attorney Dunn submitted the first partial accounting for the estate. On June 27, 2017, Attorney Dunn filed an application for attorney fees and costs requesting the court approve his application in the amount of $73,995.00 in fees and $941.96 in costs for services for the period September 2, 2015 through June 20, 2017. The fee application included the final estimated cost to close the estate.

{¶ 4} William contested the fee application, asserting it was excessive given the straightforward nature of the estate and the number of non-probate assets. The application was heard before a magistrate on July 28 and August 15, 2017. The parties, William on one hand and Attorney Dunn and his firm on the other, presented contrasting expert testimony regarding the reasonable amount of fees for a comparable estate. The magistrate rendered a decision on September 15, 2017 approving fee application in the slightly reduced amount of $73,291.00 and $941.96 in costs. The magistrate found factually that, to the extent that attorney fees exceeded the expectation of the beneficiaries, the fees were partially the result of contentious conduct between the co-executors and their difficulty in cooperating to perform their fiduciary duties.

{¶ 5} William filed objections to the magistrate's decision on September 29, 2017. On April 3, 2018, the probate court entered judgment overruling William's objections for the most part, sustaining them in minor respects, and reducing the fee award by $5,000.

{¶ 6} Attorney Dunn requested permission on January 19, 2018 to resign as counsel for the co-executors. The probate court conditioned the resignation upon the filing of a final account. When the co-executors refused to sign the final account as presented, Attorney Dunn requested the court lift this condition, which was granted and Attorney Dunn's resignation was accepted on April 16, 2018.

{¶ 7} William filed his notice of appeal from the probate court's final judgment on May 3, 2018. Diana has neither appealed nor appeared before this court. William brings the following assignment of error:

> THE TRIAL COURT ABUSED ITS DISCRETION BY
> ADOPTING THE MAGISTRATE'S DECISION APPROVING
> THE FEE APPLICATION OF COUNSEL FOR THE ESTATE AS

**THE FEES APPROVED BY THE TRIAL COURT WERE, AS A MATTER OF LAW, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶ 8}   When objections are filed to a magistrate's decision, the trial court must undertake an independent de novo review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  *See also James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13. "The standard of review on appeal from a trial court judgment that adopts a magistrate's decision varies with the nature of the issues that were (1) preserved for review through objections before the trial court and (2) raised on appeal by assignment of error."  *In re Guardianship of Schwarzbach*, 10th Dist. No. 16AP-670, 2017-Ohio-7299, ¶ 14; *Feathers v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 16AP-588, 2017-Ohio-8179, ¶ 10.  The extensive nature of appellant's objections below ensure he has preserved the pertinent issues for appellate review.

{¶ 9}   R.C. 2113.36 confers exclusive original jurisdiction in the probate court to determine the reasonableness of attorney fees. "The court may at any time during administration fix the amount of those fees and, on application of the executor or administrator or the attorney, shall fix the amount of the fees."  *See also In re Estate of Haller,* 116 Ohio App.3d 866, 870 (10th Dist.1996).  " 'It is well settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court.  Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.' "  *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.,* 23 Ohio App.3d 85, 91 (12th Dist.1985).

{¶ 10}  The determining factor to consider when a court fixes the amount of attorney fees in probate proceedings is the reasonable value of legal services provided.  *In re Hickok: Toledo Trust Co. v. Hickok*, 159 Ohio St. 282, 284 (1953).  "Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable."  *In re Estate of Love*, 1 Ohio App.2d 571, 578 (10th Dist.1965). The factors that a court should consider when considering the reasonableness of attorney

fees parallel those found in the Rules of Professional Conduct. Specifically, Prof.Cond.R. 1.5 provides as follows:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent.

{¶ 11} Intrinsic in these factors is the proposition that an attorney should not charge legal fees for non-legal services. *Disciplinary Counsel v. Hunter*, 106 Ohio St.3d 418, 2005-Ohio-5411, ¶ 17, 25; *Cincinnati Bar Assn. v. Alsfelder*, 103 Ohio St.3d 375, 2004-Ohio-5216, ¶ 22, 23.

{¶ 12} The magistrate's decision in this case makes a certain number of factual findings that are not in dispute, as well as several to which William firmly objected before the probate court and on appeal. Among the undisputed facts are the magistrate's finding that the fee application demonstrates a range of fees for a variety of services provided to the estate, but the bulk of time was billed by a firm paralegal with 252.1 hours at $185 per hour. "The probate paralegal's services ranged from coordinating the payment of Estate bills with the co-executors, to drafting documents for Attorney Dunn." (Mag.'s Decision at 9.) In contrast, Attorney Dunn billed 48.10 hours at $340 per hour. The magistrate concluded that, at least with respect to the nominal hourly rates charged, the rates were usual and

customary for Franklin County probate practice.  The magistrate also noted Attorney Dunn and his firm were located in Columbus, Ohio, while the co-executors were located in California.  The magistrate noted that Attorney Dunn assisted the co-executors with decedent's non-probate assets which included vehicles and financial accounts.

{¶ 13} Among the contested conclusions of the magistrate, the most significant is the following: "[t]he co-executors did not get along during the administration of the Decedent's Estate, as evidenced by Attorney Dunn's extensive testimony, and Exhibits * * *. The co-executors obstructed the administration of this Estate, and hindered what should have been the swift disposition of non-probate assets, by failing to cooperate with Attorney Dunn as evidence[d] by Attorney Dunn's prolonged testimony and Exhibits * * *.  No evidence was presented to contradict Mr. Dunn's characterization of the animosity between the co-executors."  (Mag. Decision at 4.)

{¶ 14} The magistrate did enumerate certain items and expenses that reflected billing by the paralegal or attorney for matters that were not legal, but ministerial or administrative.  The magistrate allowed these at an administrative rate of $75 per hour, reflected in a minor adjustment to the overall fee application.  Upon objections before the probate court, the court made a further adjustment based on its conclusion that work regarding the transfer of real property was unnecessary because this was a transfer-on-death asset and a timely title search would have avoided some of the fees attributed to this item.  The probate court accordingly reduced the fee application by $5,000. Most importantly, the probate court adopted the magistrate's conclusion that "Attorney Dunn was also required to act, in essence, as a mediator between two combative co-executors who had long-standing childhood issues with each other.  William would like this Court to ignore the fact that he and Diana could not complete even the simplest tasks because they could not get along with each other.  However, the Court will not ignore this fact when that very behavior indeed caused increased attorneys fees."  (Apr. 3, 2018 Decision at 11.)

{¶ 15} Under an abuse of discretion standard, we find the probate court's decision does not manifest an abuse of discretion in its findings of fact and legal determinations. The magistrate heard testimony from Attorney Jim Vonau as an expert regarding the reasonableness of Bailey Cavalieri's fees for the services of Attorney Dunn and a paralegal. Attorney Vonau testified that the charges were, in fact, lower than he expected based on his

opinion of Attorney Dunn's expertise and experience, and compared to similar firms in the local legal community. Attorney Vonau also opined the time billed for attorney and paralegal work was supported by the unusual factors in the estate, including the admission of newly discovered wills and codicils in the course of administration, retention of separate legal counsel by each co-executor to represent their beneficial interests, and a change of personal counsel by William during the administration of the estate.

{¶ 16} William presented testimony of his own expert, Attorney David Duren. Attorney Duren opined that Bailey Cavalieri's fees were "a bit high." (Tr. at 258.) This was based on sample fee calculations from jurisdictions other than Franklin County. Attorney Duren did not include the impact of a contentious or adversarial relationship between co-executors and expressly testified he was unaware of any antagonism in the present case. In response to direct questioning from the magistrate, Attorney Duren did concede that unusual circumstances, such as difficult relationships between beneficiaries or fiduciaries, would result in augmented fees.

{¶ 17} To find an abuse of discretion in this case, we must find more than a mere error on the part of the probate court. We must find the probate court's decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound. *In re Guardianship of Schwarzbach*, 10th Dist. No. 17AP-247, 2018-Ohio-1712, ¶ 31. In light of the evidence received before the magistrate and examined by the court on objections, we find no abuse of discretion on the part of the probate court in overruling the bulk of William's objections to the magistrate's decision. The probate court did take note of arguments addressing the state of title to decedent's residence and reduced the fees accordingly. Otherwise, there was unrebutted testimony regarding conflicts between the co-executors and the reasonableness of the hourly rates charged. William's expert did not address the special circumstances of the estate when reviewing the reasonableness of fees and opining on them. The probate court further found it was reasonable for the estate attorney to undertake work with respect to non-probate assets, particularly in light of the fact that the co-executors were out of state and these formalities were to take place in Ohio. The magistrate, and court when ruling on objections, acknowledged that even with respect to the non-probate assets, such as a 1964 Cadillac automobile owned by decedent with a transfer-on-death title, Attorney Dunn's efforts to transfer the title met with objections and obstacles from William.

{¶ 18} The probate court did decide that state of title to decedent's former principal residence presented some complications in winding up the estate, and that Bailey Cavalieri's handling of this asset had resulted in undue expenses warranting a reduction in the fee application. Decedent, according to Attorney Dunn's testimony, attempted to alter his title to a transfer-on-death deed on September 1, 2000, but then revoked that deed on September 28, 2005 and retained the residence in his name until his death. Accordingly, the co-executors did not object to inclusion of the residence as an estate asset on inventories and the first partial account. In his objections to the magistrate's decision, William argued that the 2000 deed was defective and actually conveyed the residence to William and Diana at that time. Nonetheless, William and Diana had previously signed an application for a certificate of transfer into the beneficiaries' names pursuant to the will. While Bailey Cavalieri consistently argued before the probate court on objection and this appeal that Attorney Dunn handled the disposition of decedent's residence in the only way possible given the state of the deed, the firm does not seek to disturb the probate court's ultimate adjustment of $5,000 in fees for this item.

{¶ 19} Finally, William argues on appeal that Bailey Cavalieri improperly engaged in "block billing" entries when submitting its itemized billing, rather than using line-item breakdown of billing services. William's own expert did not opine on the propriety of this billing practice in probate proceedings, whereas Bailey Cavalier's expert, Attorney Vonau, stated it was customary, and in fact nearly universal in local probate practice.

{¶ 20} A poor relationship between beneficiaries or executors can support an award of higher attorney fees in a probate case. *Haller.* The evidence in the present case supports the probate court's findings of fact and conclusions of law in this respect. In summary, we find no abuse of discretion on the part of the probate court in overruling the greater part of William's objections to the magistrate's decision and granting the fee application with some reductions.

{¶ 21} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

SADLER and LUPER SCHUSTER, JJ., concur.

_____